UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN
_____

In re:

DOUGLAS & JEANETTE MICKENS,

    Debtors.

_____/

Case No. BT 15-01872

Chapter 7

## OPINION OVERRULING TRUSTEE'S OBJECTION
## TO DEBTORS' AMENDED EXEMPTIONS

Appearances:

Kevin M. Smith, Esq., Rochester Hills, Michigan, attorney for Kelly M. Hagan, Chapter 7
    Trustee.

Gerald G. Green, Esq., Cadillac, Michigan, attorney for Douglas and Jeanette Mickens.

I.       INTRODUCTION AND ISSUE PRESENTED.

Douglas and Jeanette Mickens (the "Debtors") were seventy-three and eighty-four years old, respectively,[1] when they filed their voluntary petition under chapter 7 of the Bankruptcy Code[2] in March of 2015. They have owned their home on E. 32 Road in Wexford County, Michigan (the "Property") since December 10, 1993.

Three days prior to filing their chapter 7 case, on the advice of their bankruptcy counsel, the Debtors executed and recorded a quit claim deed transferring the Property,

_____

[1]    See Debtors' Brief in Support of Motion for Summary Judgment, Adv. Proc. No. 15-80147, Dkt. No. 28, at 2. Citations to the adversary proceeding docket are denoted herein as "AP Dkt. No. __."

[2]    The Bankruptcy Code is set forth in 11 U.S.C. §§ 101-1532 inclusive. Specific provisions of the Bankruptcy Code are referred to in this opinion as "§ ___."

1

which they owned as joint tenants with rights of survivorship, to themselves as tenants by the entireties. Kelly M. Hagan, the Chapter 7 Trustee (the "Trustee") in the Debtors' bankruptcy case, analyzed the transfer of the Property and asserted that it defrauded their creditors. As a result, the Trustee objected to the Debtors claiming the Property as exempt under the Michigan entireties exemption, Mich. Comp. Laws § 600.5451(1)(n). The Trustee also filed an adversary proceeding seeking to avoid the transfer as a fraudulent transfer under § 548(a)(1) and § 544(b)(1) and the Michigan Uniform Fraudulent Transfer Act (the "UFTA"), Mich. Comp. Laws §§ 566.31 et seq.[3] The court agreed with the Trustee and granted her motion for summary judgment as to her constructive fraudulent transfer claim under § 544(b)(1) and the Michigan UFTA, § 566.35(1). As a result of the avoidance of the transfer, the court also disallowed the Debtors' claimed Michigan tenancy by the entireties exemption.

The Debtors have now amended their bankruptcy schedules to claim the Property as exempt, not under the Michigan entireties exemption, but under Michigan's bankruptcy-specific homestead exemption, Mich. Comp. Laws § 600.5451(1)(m). The Trustee has objected, arguing that § 522(g) bars the Debtors from claiming any exemption in the Property. For the reasons set forth below, the court disagrees, overrules the Trustee's objection, and determines that the Debtors' claimed homestead exemptions in

---

[3]     Effective April 10, 2017, the Michigan UFTA was amended and renamed the Uniform Voidable Transactions Act ("UVTA"). See Mich. Comp. Laws § 566.45(1). The court has applied the UFTA in this case, as that was the law that was in effect both at the time of the transfer and as of the bankruptcy filing date. See Mich. Comp. Laws § 566.45(2) (providing that the UVTA applies to transfers made on or after the effective date of the amendments); see also Word Investments, Inc. v. Bruinsma (In re TML, Inc.), 291 B.R. 400, 430-31 n. 67 (Bankr. W.D. Mich. 2003) (applying the Michigan Uniform Fraudulent Conveyance Act ("UFCA"), rather than the UFTA, because the UFCA was in effect at the time of the disputed transfers).

the Property are allowed in the total amount of $56,650.

## II.   JURISDICTION.

The court has jurisdiction over this bankruptcy case.   28 U.S.C. § 1334.   The bankruptcy case and all related proceedings have been referred to this court for decision. 28 U.S.C. § 157(a); L. Civ. R. 83.2(a) (W.D. Mich.).   The Trustee's objection to the Debtors' amended claim of exemptions is a statutory core proceeding.   28 U.S.C. § 157(b)(2)(B).   This court has constitutional authority to enter a final order in this contested matter.

## III.   FACTS AND PROCEDURAL BACKGROUND.

The Debtors filed a joint, voluntary chapter 7 petition on March 30, 2015.   The schedules filed with the chapter 7 petition show that, as of the filing date, the Debtors had assets totaling $88,786.00 and liabilities totaling $58,820.29.   (Dkt. No. 1.)   These totals include the value of the Property, which the Debtors placed at $81,000, and the $19,186.54 secured claim on the Property which was held by Mercantile Bank.   (Id.)   On Schedule C, each Debtor claimed an exemption of $30,906.73 in the Property under Mich. Comp. Laws. § 600.5451(1)(n), Michigan's bankruptcy-specific exemption for property held as tenants by the entireties.

The Trustee filed a timely objection to the Debtors' original claim of exemptions in the Property on June 17, 2015.   (Dkt. No. 22.)   That same day, the Trustee also filed an adversary proceeding against the Debtors, seeking to avoid the prepetition transfer of the Property from the Debtors as joint tenants with rights of survivorship to themselves as tenants by the entireties as an actual and constructive fraudulent transfer under the Bankruptcy Code and the Michigan UFTA.   (AP Dkt. No. 1.)

3

A hearing on the Trustee's objection to the Debtors' exemptions was held in the base case on August 3, 2015.  At the hearing, the court characterized the Trustee's objection as essentially seeking "conditional relief" in the event that the Trustee was successful in avoiding the transfer and recovering the Property in the adversary proceeding.   (Transcript of August 3, 2015 Hearing on Trustee's Objection to Debtors' Exemptions, Dkt. No. 38, at 4.)  Counsel for the Trustee agreed with this characterization. (Id.)  Accordingly, on August 13, 2015, the court entered an Order Granting Trustee's Objection to [Debtors'] Claimed Exemption in Real Property. The order provided, in pertinent part, that:

> [T]he Debtors' claimed exemption in the Real Property is denied to the extent it impairs the ability of the Trustee to recover the full value of the avoided Transfer or to the extent that it attempts to exempt the Real Property that has been recovered and preserved by the Bankruptcy Estate by the avoided Transfer, pursuant to 11 U.S.C. § 522g.

(Dkt. No. 31.)

On December 21, 2015, the Trustee filed a motion for partial summary judgment on the constructive fraud counts of her adversary complaint.  (AP Dkt. No. 26.)  After hearing argument on the motion, as well as the Debtors' cross motion summary judgment, the court gave an oral bench opinion holding that the prepetition transfer of the Property was constructively fraudulent under § 544(b) and the Michigan UFTA.  (See Transcript of Telephonic Bench Opinion on Motions for Summary Disposition, August 17, 2016, AP Dkt. No. 42) (herein "SJ Bench Opinion Tr. at __.")  Accordingly, the court entered an order granting summary judgment for the Trustee on Count II of her complaint.[4]  (AP Dkt.

---

[4]     The counts of the Trustee's complaint that asserted actual and constructive fraud under § 548 (Count I) and actual fraud under § 544(b) and the Michigan UFTA (Count III) were subsequently dismissed by stipulation of the parties.  (See Dkt. No. 60 & AP Dkt.

4

No. 40.)

Thereafter, the court held two telephonic status conferences regarding the effect of the avoidance of the transfer on the remaining issues in the adversary proceeding and underlying chapter 7 case.  With the agreement of the parties, the court entered an order referring the adversary proceeding to the court's Alternative Dispute Resolution Program. (AP Dkt. No. 47.)  Mediation was conducted on November 10, 2016, but did not result in a settlement.  (AP Dkt. No. 57.)

On March 9, 2017, the court held a hearing to determine the effect of the avoidance of the transfer on the Debtors' claim of exemptions in the base case.  The court subsequently entered an order on March 17, 2017, denying the Debtors' claim of exemptions in the Property under the Michigan entireties provision, Mich. Comp. Laws § 600.5451(1)(n), permitting the Debtors to amend their claim of exemptions pursuant to Bankruptcy Rule 1009(a), and granting other relief.[5]  (Dkt. No. 46; AP Dkt. No. 67.)

On March 28, 2017, the Debtors filed amended Schedules A, B, and C.  (Dkt. No. 49.)  On their amended Schedule C, each Debtor claimed a $28,325 exemption in the Property under Michigan's bankruptcy-specific homestead exemption, Mich. Comp. Laws § 600.5451(1)(m), for a total exemption amount of $56,650.[6]  (Id.)  The Trustee filed a

No. 71.)

[5]    The "other relief" granted in the order included consolidating the adversary proceeding with the Trustee's objections to exemptions in the base case pursuant to Fed. R. Bankr. P. 7042.

[6]    Adjusted for inflation as of 2014, the Michigan bankruptcy-specific homestead exemption allowed debtors 65 years of age or older to exempt an interest in a homestead not to exceed $56,650 in value.  See Mich. Comp. Laws § 600.5451(1)(m); State of Michigan Department of Treasury, Property Debtor in Bankruptcy May Exempt from Levy or Sale Inflation Adjusted Amounts (Jan. 25, 2017),

timely objection to the Debtors' amended exemptions on April 24, 2017.  (Dkt. No. 52.)

In her objection, the Trustee argues that after the transfer of the Property was avoided in

the adversary proceeding, it was automatically preserved for the benefit of the estate

under § 551.  As a result, the Trustee asserts that § 522(g) prohibits the Debtors from

now claiming homestead exemptions in the Property.

On June 1, 2017, the court conducted a hearing on the Trustee's objection.  At the

conclusion of the hearing, the court took the matter under advisement.

## IV.    DISCUSSION.

To begin, the court notes that several aspects of the Debtors' amended claim of

exemption are not in dispute.  First, there is no question that the prepetition transfer

changed the Debtors' respective rights and interests in the Property.  That is, to the extent

property can be described as a "bundle of sticks" comprised of various individual rights,

the joint tenancy bundle held by each Debtor prior to the transfer was different than the

tenancy by the entirety bundle that existed after the transfer.  United States v. Craft, 535

U.S. 274, 282, 122 S. Ct. 1414, 1422 (2002) (utilizing the "common idiom . . . 'bundle of

---

http://www.michigan.gov/documents/treasury/Notice_BankruptcyExemptions2017_5503
93_7.pdf.

Other courts have construed the Michigan bankruptcy-specific homestead exemption statute as establishing an aggregate maximum exemption amount.  Vinson v. Dakmak, 347 B.R. 620, 625 (E.D. Mich. 2006) (discussing Mich. Comp. Laws § 600.5451(1)(n), the Michigan bankruptcy-specific homestead exemption statute prior to its renumbering and adjustment for inflation, and holding that the amounts set forth in the statute represent the "aggregate maximum homestead exemption for a single homestead," rather than amounts that may be exempted by "each debtor, codebtor and dependent") (quoting In re Lindstrom, 331 B.R. 267, 273 (Bankr. E.D. Mich. 2005)).  In this instance, by each claiming an exemption of $28,325, the Debtors have claimed an aggregate exemption of $56,650 in their homestead, which is the maximum permitted by the statute.

sticks'" to describe property rights).  Unlike joint tenants, tenants by the entirety, who must be husband and wife, hold a single title with right of survivorship.  Sanford v. Bertrau, 169 N.W. 880, 882 (Mich. 1918).  Of particular importance in this case, the creditors of one only spouse cannot levy on the entireties property, but joint creditors may reach the entireties property.  Id.  However, despite the difference in the two property interests, there is no question that each Debtor's interest in the entireties property became property of the estate as of the petition date.[7]   See Liberty State Bank & Trust v. Grosslight (In re Grosslight), 757 F.2d 773, 775 (6th Cir. 1985); In re Spears, 313 B.R. 212, 217 (W.D. Mich. 2004) (explaining that, upon the filing of a bankruptcy case, a trustee "obtains and retains custody of the debtor's undivided interest [in entireties property] consisting of the same unities, intact and unaltered, as they existed immediately prior to the filing of the petition" until such time as that interest is properly exempted) (citation omitted).

It is also undisputed that the Property was the Debtors' homestead prior to the filing date, at the time of the filing, and remains so today.  The Trustee's objection to the amended exemptions does not challenge the characterization of the Property as the

[7]     In this case, both Debtors sought chapter 7 relief by filing a joint petition pursuant to § 302(a).  The Debtors' cases have not been consolidated under § 302(b), but consistent with the general practice in this district, the Trustee has jointly administered the Debtors' cases without objection.  See 2 Norton Bankr. L & Prac. 3d § 20:11 (2017) (explaining that joint cases are often "administered jointly unless there is an objection"); cf. Fed. R. Bankr. P. 1015(b).

It is well-settled that, absent a court order substantively consolidating the cases, the filing of a joint petition results in the creation of two separate bankruptcy estates.  In re Olien, 256 B.R. 280, 283 (Bankr. E.D. Tenn. 2000) (citation omitted); In re Knobel, 167 B.R. 436, 439 n. 4 (Bankr. W.D. Tex. 1994) (collecting cases).  Therefore, it would be more accurate to state that each Debtor's interest in the Property became part of his or her respective bankruptcy estate as of the petition date.  For ease of reference, and because the distinction is not material to the court's analysis, the court has shorthandedly referred to each Debtor's estate collectively as "the estate."

Debtors' homestead.  Finally, Bankruptcy Rule 1009(a) provides that debtors may amend their bankruptcy schedules, including their claimed exemptions, "as a matter of course at any time before the case is closed."  Fed. R. Bankr. P. 1009(a).  The Sixth Circuit Court of Appeals has recently held that a debtor's amended claim of exemption may not be disallowed absent a statutory basis for doing so.  Ellmann v. Baker (In re Baker), 791 F.3d 677, 683 (6th Cir. 2015) (discussing Law v. Siegel, __ U.S. __, 134 S. Ct. 1188 (2014) and holding that "under Siegel, bankruptcy courts do not have authority to use their equitable powers to disallow exemptions or amendments to exemptions due to bad faith or misconduct").

The Trustee's objection raises one such statutory basis for potential disallowance of the Debtors' amended claim of exemptions, § 522(g).[8]  Section 522(g) provides, in pertinent part, that:

> (g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under [section 522(b)] property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under [section 522(b)] if such property had not been transferred, if –

---

[8]  To a lesser extent, the Trustee's objection is also based on the prior court order, which provisionally granted the Trustee's objection to the Debtors' original claim of exemptions and referred to § 522(g).  (Dkt. No. 31.)  Specifically, the Trustee argues that the Debtors' amended exemptions violate the prior order because they impair the Trustee's ability to recover the full value of the avoided transfer and attempt to "exempt the [Property] that has been recovered and preserved" for the bankruptcy estate by the avoided transfer in violation of § 522(g).  (Dkt. No. 52.)

The court has carefully reviewed the prior order, and has concluded that it is of limited relevance to the issues currently before the court.  First, the order was entered in response to the Trustee's objection to the Debtors' originally claimed entireties exemptions.  The entireties exemptions have since been disallowed.  (Dkt. No. 46.)  To the extent the order is applicable to the Debtors' amended homestead exemptions and the Trustee's current objection, it does not change the court's analysis of the issues presented.  The prior order was intended to preserve the Trustee's rights under § 522(g) pending the outcome of the adversary proceeding, not to enhance those rights in any way.

8

> (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
>
> (B) the debtor did not conceal such property[.]

11 U.S.C. § 522(g)(1).  In effect, § 522(g) "provides a further opportunity for a debtor to claim an exemption in property that was not in the debtor's portfolio when the bankruptcy proceeding began" if the transfer was involuntary and the property was not concealed by the debtor.  Stornawaye Financial Corp. v. Hill (In re Hill), 562 F.3d 29, 34 (1st Cir. 2009).  If, however, the transfer was voluntary and the property is recovered by the trustee under the provisions enumerated in the statute, § 522(g) "prevents a debtor from claiming exemptions" in the recovered property.  In re Kuhnel, 495 F.3d 1177, 1178-81 (2007) (holding that § 522(g) only applies to prohibit a claim of exemption when there has been "both a voluntary transfer, as well as a recovery").

There is no question that the prepetition transfer of the Property in this case was a voluntary transfer.  Accordingly, the dispositive issue with regard to the Trustee's objection is whether the Trustee "recovered" the Property in a manner that triggered application of § 522(g).  Analysis of this issue requires the court to review the procedural history of this matter and the related adversary proceeding, the concepts of avoidance, recovery, and preservation of avoided transfers, and the application of these principles to the Trustee's pending objection.

### A.  *Procedural History and Avoidance of the Transfer*.

The issues presented in this contested matter and the related adversary proceeding arise at a complicated intersection between exemption and fraudulent

conveyance law.  To a great extent, the lengthy and unusual procedural history of this case reflects those complexities.

The Trustee's original objection to the Debtors' tenancy by the entireties exemption in the Property argued that the entireties estate was created by a prepetition fraudulent transfer and that, under Michigan law, the claimed entireties exemption must be disallowed on that basis.  The court notes that, in many instances, an objection to exemptions is filed as a contested matter.  In a common scenario involving entireties property held by a debtor and a non-filing spouse, a successful objection to a debtor's claimed entireties exemption will result in the trustee "administer[ing] the debtor's interest in the entireties property for the benefit of all the debtor's creditors – not simply joint creditors of the debtor and the non-filing spouse." In re Page, 240 B.R. 548, 552 n.5 (Bankr. W.D. Mich. 1999).  The "trustee may sell the interest of the non-debtor spouse" in such a situation, "but only under the conditions prescribed in section 363(h) – (j)." Id.

In this case, to establish the legal predicate for disallowing the Debtors' exemption and to allow the Trustee to administer the Property not only for joint creditors but for all creditors, the Trustee buttressed her objection to exemptions with an adversary proceeding against the Debtors seeking a determination that the transfer was avoidable as constructively fraudulent.  As a result, the adversary proceeding also presented a somewhat unusual legal issue.  In a typical avoidance action under § 544(b), the trustee utilizes state fraudulent conveyance laws to nullify transfers that "in some way diminished the estate," most often, by transferring an interest in property to a third party.  See generally Suhar v. Burns (In re Burns), 322 F.3d 421, 426 (6th Cir. 2003) (describing the concept of "avoidance"); cf. Official Committee of Asbestos Claimants of G-I Holding, Inc.

10

v. Heyman, 277 B.R. 20, 29 (S.D.N.Y. 2002) (The "principal purpose" of § 544(b) "is to undo pre-petition transfers of property that remove or withhold that property from the estate to the prejudice of creditors.") (citation omitted).   A common scenario involving fraudulent transfers and entireties property occurs when one spouse owns property, transfers it to himself and his spouse as tenants by the entireties, and then files an individual bankruptcy case.   In re Page, 240 B.R. at 552 n.5.   If the trustee successfully avoids the transfer that created entireties estate, she will likely seek to recover the non-filing spouse's interest in the property for the benefit of the estate and may argue that she is entitled to dispose of the property without the restrictions of § 363(h) – (j).   Id.   "In effect, avoiding a transfer" in this manner "increases (presumptively doubles) the amount of property available to satisfy claims against the estate."   Id.

Here, the Property was not transferred to a third party, but was transferred from the Debtors as joint tenants to themselves as tenants by the entireties.   Because both Debtors sought chapter 7 relief, their entireties interests in the Property were already part of their jointly administered bankruptcy estates as of the filing date.   See Liberty State Bank & Trust v. Grosslight (In re Grosslight), 757 F.2d 773, 775 (6th Cir. 1985).   As a practical matter, however, the prepetition transfer to entireties property was potentially prejudicial to creditors and the estate, because allowing the Property to be claimed exempt as entireties property would mean that only creditors holding joint claims would be paid from proceeds of the Property.   Id. at 776.   In this case, other than the mortgage claim, such joint claims are nominal.   Instead, the majority of the creditors hold non-joint claims against each individual Debtor; according to the Debtors' schedules, there are

11

twelve such creditors holding non-joint claims totaling approximately $37,000.   (See Debtors' Schedule E, Dkt. No. 1.)

The potential prejudice to creditors that resulted from the transfer of the Property was a significant consideration in the court's decision to grant the Trustee's motion for summary judgment and avoid the transfer as constructively fraudulent under § 544(b) and the Michigan UFTA.  In its prior bench opinion, after concluding that other elements of the Trustee's constructive fraud claim were established, the court addressed the "reasonable equivalence" of the value received in exchange for the transfer of the Property.  The court cited and discussed several state law and bankruptcy cases which have consistently held that "creation of an entireties estate at the expense of creditors is constructively fraudulent" under Michigan law.  (SJ Bench Opinion Tr. at 20-24 (citing Lewis v. Harlin (In re Harlin), 321 B.R. 836 (E.D. Mich. 2005); Hoerner v. Elkins (In re Elkins), 94 B.R. 935 (Bankr. W.D. Mich. 1988); Glazer v. Beer, 72 N.W.2d 141 (Mich. 1955); Dunn v. Minnema, 36 N.W.2d 182 (Mich. 1949)).)   Relying on those cases, this court concluded that "Michigan fraudulent conveyance law is clear that the reasonable equivalen[ce] of value received in exchange for a transfer is to be viewed from the standpoint of creditors."  (SJ Bench Opinion Tr. at 23.)   "Because the creation of the entireties estate placed the [P]roperty out of [the] reach of creditors," the court held that "from the perspective of those creditors, the Debtors did not receive reasonably equivalent value in exchange" for the transfer.  (SJ Bench Opinion Tr. at 24.)  Accordingly, the court avoided the transfer of the Property from joint tenancy to tenancy by the entireties as constructively fraudulent pursuant to § 544(b) and the Michigan UFTA.

12

In the bench opinion granting the Trustee's motion for summary judgment, the court also recognized that the "ultimate question, of course, is whether the Debtors may claim their home as exempt." (SJ Bench Opinion Tr. at 33.)  As a first step toward resolving this question, the court held a hearing to determine the effect of the avoidance on the Debtors' originally claimed entireties exemption.  This court determined that avoidance of the transfer of the Property "nullified" the transfer and rendered it ineffective as against the estate.  (Dkt. No. 46.)  Therefore, the court entered an order disallowing the entireties exemption.  (Id.)  The Trustee's subsequent objection to the Debtors' amended claim of the Michigan homestead exemption in the Property requires the court to further consider the effect of the avoidance of the transfer and whether preservation of the avoided transfer under § 551 equates to a recovery under § 522(g).

B. *Recovery and Preservation of an Avoided Transfer*.

The Sixth Circuit Court of Appeals has previously described avoidance and recovery as "distinct concepts and processes." Suhar v. Burns (In re Burns), 322 F.3d 421, 427 (6th Cir. 2003).  As the Burns court explained, there are several sections of the Bankruptcy Code that may become relevant after a transfer is avoided.  Section 550 provides that the trustee may "recover" the property that was transferred, or its value, from certain recipients of avoided transfers.  11 U.S.C. § 550.  Property interests recovered by the trustee under § 550 become property of the estate under § 541(a)(3). Section 551 provides that:

> Any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or any lien void under section 506(d) of this title, is preserved for the benefit of the estate but only with respect to property of the estate.

11 U.S.C. § 551.  Section 541(a)(4) contains a corresponding provision which states that "[a]ny interest in property preserved for the benefit of or ordered transferred to the estate under section . . . 551" also becomes property of the estate.  11 U.S.C. § 541(a)(4). Considering the combined effect of these statutory provisions, another judge of this court has aptly characterized the "decision to avoid a transfer," along with its automatic preservation under § 551, as "merely declaratory relief establishing the predicate for possible recovery or money judgment under § 550, or perhaps relief under § 551, depending on the circumstances of a particular transfer." Moyer v. Rosich (In re Rosich), 570 B.R. 278, 282 (Bankr. W.D. Mich. 2017) (Dales, C.J.).

The Sixth Circuit further explained in Burns that the import and necessity of relief under § 550 or § 551 may depend, in many instances, "on whether a particular creditor's interest in the debtor's property, prior to that interest being avoided, was possessory or nonpossessory." In re Burns, 322 F.3d at 428.  If the creditor had a possessory interest in the debtor's property, "the trustee will generally have to pursue recovery, because mere avoidance would not bring the property back into the estate's possession." Id.  By contrast, if a nonpossessory interest was transferred, "the trustee will generally not have to seek recovery" and avoidance of the transfer and preservation under § 551 will likely be sufficient. Id.

Here, although both the joint tenancy and tenancy by the entirety could be characterized as "possessory estates," actual possession of the Property has never been transferred.[9]  The Property has been owned and possessed by the Debtors since 1993.

---

[9]     A "possessory estate" is generally defined as an "estate giving the holder the right to possess the property." See Estate, Black's Law Dictionary (10th ed. 2014); cf. In re Rosich, 570 B.R. at 282 (characterizing the transfer of real property from debtor and non-

14

They owned and possessed the property before the transfer, after the transfer, and at the time of the filing of the bankruptcy petition.  They still own and possess the Property today.  Recovery under § 550 was not required in this instance.  Presumably for that reason, § 550 recovery was not sought by the Trustee in the adversary proceeding.[10]

### C. *Preservation of Avoided Transfers under § 551*.

Despite having neither requested nor obtained a recovery under § 550, the Trustee argues that the avoidance and preservation of the transfer under § 551 is sufficient to bar the Debtors from claiming an exemption in the Property in accordance with § 522(g).  As previously noted, transfers avoided under §544(b) are automatically preserved for the benefit of the bankruptcy estate under § 551.

Although § 551 is "automatically applicable to all avoided transfers" it is practically relevant "only where there is a transaction subsequent to the avoided transaction."  Gold

---

filing spouse's self-settled trust to themselves as tenants by the entireties as a transfer of a possessory interest).

[10]     In her objection to amended exemptions, the Trustee asserts that she should be permitted to "recover the value of the [t]ransfer from the Debtors" if the court finds § 551 inapplicable.  (Trustee's Objection, Dkt. No. 52, at ¶ 12.)  This assertion is unavailing for the reasons already stated – no recovery is necessary when the Property is and was property of the estate.

The court also notes that the Trustee has not argued that avoidance of the prepetition transfer led to "recovery" of each Debtor's joint tenancy interests in the Property.  (Id. at ¶ 13 (asserting, to the contrary, that after the avoidance, "the estate does not consist of [the Debtors'] interests as a joint tenant in the Real Property")).  Even if the Trustee had made such an argument, it would likely have proven unpersuasive under the facts of this case, especially since both Debtors here had sought bankruptcy relief, their interests in the Property were already property of the estate, and the only meaningful distinction between the joint tenancy and tenancy by the entireties was the ability to claim the entireties exemption.  Cf. In re Duncan, 329 B.R. 1195, 1201 (10th Cir. 2003); In re Page, 240 B.R. 548, 552 n.5 (Bankr. W.D. Mich. 1999) (both suggesting, in the context of a debtor and non-filing spouse, that avoidance of a fraudulent transfer to entireties property may constitute a "recovery" of both the debtor's and the non-filing spouse's interests).

v. United States (In re Laines), 352 B.R. 420, 424 (Bankr. E.D. Va. 2006).  The most common example of the operation of § 551 occurs when there are multiple security interests in the same property.  Without preservation under § 551, upon the trustee's avoidance of a senior lienholder's interest, that interest would be "void and of no force and effect" and the position of junior lienholders would improve at the expense of the estate.  Id.  Section 551 prevents this result by providing that the avoided transaction is not eliminated, but is instead "preserved."  Id.  This automatic preservation allows the trustee to step into the shoes of the creditor whose lien was avoided, such that the benefit of the transfer flows to the estate, and not to the subsequent transferee or junior lienholder.[11]  Id.  Importantly, preservation under § 551 "does not confer on a trustee any greater rights than were held by the [recipient of the avoided transfer] prior to the avoidance."  In re Haven, Inc., 326 B.R. 901 at *5 (6th Cir. B.A.P. Apr. 7, 2005) (unpublished table decision) (citations omitted).  Instead, it prevents holders of junior interests "from improving their position at the expense of the estate" when a senior interest is avoided.  Id.; see In re Rosich, 570 B.R. at 282 (preservation under § 551 does not "enhance a trustee's rights in the property transferred;" it simply "gives the trustee the right to treat the transfer as if it were not avoided" when "doing so offers an advantage, typically against other claimants in the property").

In this case, there is no subsequent transferee or junior lienholder to compete with the estate's interest in the Property and preservation under § 551 has almost no practical

---

[11]    The legislative history confirms that this is the primary intent of the statute, by explaining that § 551 "prevents junior lienors from improving their position at the expense of the estate when a senior lien is avoided."  H.R. Rep. No. 95-595, at 376 (1977), as reprinted in 1978 U.S.C.C.A.N. 5963, 6332; S. Rep. No. 95-989, at 91 (1978) as reprinted in 1978 U.S.C.C.A.N. 5787, 5877.

16

import.  The transfer that was avoided by the Trustee was the transfer of the Property from the Debtors as joint tenants with rights of survivorship to themselves – the Debtors – as tenants by the entireties.  As a result of the transfer, the Debtors held the Property as tenants by the entireties as of the bankruptcy petition date.  The Debtors' interests in the entireties property became property of the estate.  Liberty State Bank & Trust v. Grosslight (In re Grosslight), 757 F.2d 773, 775 (6th Cir. 1985).  Prior to the avoidance, and notwithstanding the Debtors' originally claimed entireties exemptions, the Trustee could have administered the Property, although only for the benefit of joint creditors.  Lasich v. Wickstrom (In re Wickstrom), 113 B.R. 339, 347 (Bankr. W.D. Mich. 1990).  After the avoidance, which was significant, the automatic preservation of the transfer had very little impact.  Although the preserved entireties interests became property of the estate under § 541(a)(4), the estate's interest was not enhanced because the entireties interests were already property of the estate prior to the avoidance.  Instead, the benefit to the estate came from the avoidance itself.  As the court previously determined, the legal effect of the avoidance of the transfer was that the creation of the entireties estate was "nullified or rendered ineffective" as to the estate as of the petition date.  Thus, by virtue of the avoidance, the Property is no longer constrained by the entireties exemption which would preclude the Trustee from administering the property for the benefit of creditors other than joint creditors.

   D. *Does § 522(g) Require Disallowance of the Debtors' Amended Exemption?*

   Against this legal and procedural backdrop, the court must consider the ultimate issue in this case:  whether the Trustee's avoidance of the prepetition transfer of the Property and the automatic preservation of such transfer, to the extent relevant, equate

to "recovery" of the Property such that the Debtors' amended claim of exemption is barred under § 522(g)(1).    As stated previously, § 522(g) prohibits debtors from claiming exemptions in property that was voluntarily transferred and subsequently "recovered" by the trustee under §§ 510(c)(2), 542, 543, 550, 551, or 553.

The language and structure of § 522(g) support the general conclusion that it is a rehabilitative statute, rather than a punitive one, and that it is intended to further facilitate a debtor's overall "fresh start" by permitting her to exempt property that was transferred away and recovered by the trustee in certain circumstances.  Stornawaye Financial Corp. v. Hill (In re Hill), 562 F.3d 29, 33 (1st Cir. 2009) (noting that there is very little "legislative history that illuminates the purpose of § 522(g)," and interpreting the statute in light of its "language, structure, and evident purpose") (citing Glass v Hitt (In re Glass), 60 F.3d 565, 569 n.4 (9th Cir. 1995)).  Accordingly, if the trustee adds property to the estate or reclaims property of the estate that was not in the debtor's possession as of the petition date through one of the sections enumerated in § 522(g), the debtor will have an opportunity to claim the property as exempt so long as the transfer was involuntary and was not concealed.  See In re Glass, 60 F.3d at 569 (Section 522(g) "allow[s] an exemption 'where a property interest has been involuntarily taken from a debtor by means such as execution, repossession, or certification of a judgment, because it would be inequitable not to permit a debtor to assert an otherwise allowable exemption.'") (citations and emphasis omitted).  Conversely, if the trustee recovers property that was voluntarily transferred or concealed by the debtor, the debtor will not be permitted to claim an exemption in the property.

Although it is evident from the plain language of § 522(g) that the statute only applies when the trustee recovers the property at issue, it is not entirely clear what the trustee must accomplish in order for a recovery to occur. See In re Kuhnel, 495 F.3d 1177, 1181 (10th Cir. 2007). Section 522(g) does not define the term "recover," other than by cross-referencing various sections of the Bankruptcy Code. Interestingly, none of these references are to the trustee's avoiding powers themselves; rather, § 522(g) indirectly "incorporate[s] the trustee's traditional avoiding powers" by referring to the end result of the avoidance, i.e., recovery of the property transferred under § 550 or § 551. See 3 Norton Bankr. L. & Prac. 3d § 56:30 (3d. ed. 2017). By defining "recover" in these terms, the statute is consistent with the ordinary meaning of the word which is to "win or get back." In re Hill, 562 F.3d at 33 (citing Webster's Third New Int'l Dictionary 1898 (1993)).

The most straightforward example of a trustee "getting property back" for the estate occurs when the trustee recovers property or its value from a third party transferee under § 550 after exercising her avoiding powers under §§ 544, 547, 548, or 549. For example, trustees routinely sue the recipient of a preferential transfer, avoid the transfer under § 547(b), and recover the transfer or its value from the preference defendant under § 550. Assuming the transfer was voluntary, § 522(g) would prohibit the debtor from claiming an exemption in the funds recovered by the trustee.

In some instances, preservation of an avoided interest under § 551 may also constitute a recovery for purposes of § 522(g). For example, if a trustee avoids a mortgage lien that was perfected in the ninety days prior to the filing of the bankruptcy case as a preferential transfer under § 547(b), that interest is preserved for the benefit of

the estate under § 551 and the avoided mortgage interest becomes property of the estate under § 541(a)(4).  See, e.g., Suhar v. Burns (In re Burns), 322 F.3d 421, 428 (6th Cir. 2003) (mortgage interest avoided under § 544(a) was preserved and became part of the bankruptcy estate "immediately upon avoidance").  The mortgagee's claim continues to exist, but as an unsecured claim.  If the property is subsequently liquidated, the proceeds that would have been paid to the mortgagee prior to the avoidance will instead be paid to the estate as a whole.  In this situation, preservation of the avoided security interest constitutes a recovery under § 522(g) because the property was brought into the estate postpetition by the trustee.  That is, by avoiding the mortgage and preserving it for the benefit of the estate under § 551, the trustee added the value of the mortgage interest to the portfolio of property that was in existence at the time the case was filed.  Again, assuming the transfer was voluntary, § 522(g) would bar the debtor from claiming an exemption in the portion of the interest in the property that was avoided by the trustee and preserved for the estate.

Finally, although the other statutory sections that may form the basis for a recovery under § 522(g) do not directly implicate the trustee's traditional avoiding powers, they also typically involve instances where the trustee brings property or value into the estate.  For example, a trustee may recover property for purposes of § 522(g) through a successful turnover action under § 542.  In the case of a turnover action, the property recovered by the trustee will, almost by definition, already be property of the estate.[12]  Regardless,

---

[12]     Section 542 actually provides for turnover of "property that the trustee may use, sell, or lease under section 363 of this title" or property that "the debtor may exempt under section 522 of this title."  11 U.S.C. § 542(a).  These categories are virtually "synonymous" with property of the estate and "many courts . . . have shorthandedly referred to § 542 as addressing turnover of property of the estate."  Kerney v. Capital One Financial Corp. (In

particularly to the extent the trustee obtains turnover from a non-debtor entity, the trustee augments the estate in a turnover action by bringing possession of the property, or its value, back to the estate.[13]

The notion that recovery under § 522(g) involves adding property or its value to the bankruptcy estate is also consistent with reported opinions that have addressed the extent of the actions that must be taken by the trustee for § 522(g) to apply.   In that context, many courts have held that a formal motion for turnover or adversary proceeding is not a prerequisite to a recovery for purposes of § 522(g).  See, e.g., In re Kuhnel, 495 F.3d at 1181; In re Glass, 60 F.3d at 568-69.  Instead, these courts have found that "a trustee may 'recover' . . . property" under § 522(g) "in a number of ways, including by merely using the threat of avoidance powers to induce a debtor or transferee to return the property to the estate."  In re Glass, 60 F.3d at 568 (quoting In re Glass, 164 B.R. 759, 763 (9th Cir. B.A.P. 1994)); see In re Kuhnel, 495 F.3d at 1181 (§ 522(g) does not require

_____

re Sims), 278 B.R. 457, 475 (Bankr. E.D. Tenn. 2002) (collecting cases).

[13]    As the court explained in In re OBrien, 443 B.R. 117 (Bankr. W.D. Mich. 2011), many of the problems that could arise under § 522(g) when a motion for turnover and an amended claim of exemptions occur involving the same property can be avoided if the court hears the issues concurrently:

> When a trustee has filed a turnover motion relating to specific property or the value of that property and the debtor has filed amended exemptions to claim the property sought to be turned over . . . , it is prudent for the court to hear the turnover motion and the trustee's objection to the debtor's amended exemptions during a combined hearing.  To the extent amended exemptions are denied, the trustee is entitled to a turnover order for the property itself or the value of the property.  To the extent the amended exemptions are permitted (and the property is "reclaimed" by the debtor), the trustee is not entitled to turnover.

In re OBrien, 443 B.R. at 138.

21

a formal proceeding "so long as the trustee has taken some action *resulting in reconveyance of the property to the estate*") (emphasis added). As these cases make clear, the extent of the actions taken by the trustee are not the most important focus of the § 522(g) analysis; the more significant question is what those actions accomplished.

In this case, although the Trustee successfully avoided the prepetition transfer of the Property as a fraudulent conveyance, the court cannot conclude that the Trustee recovered the Property for purposes of § 522(g). The Trustee did not "win back" property that had been transferred away and did not add property that was not in the estate when the case was filed. As previously stated, the Trustee did not seek recovery of the Property under § 550 in the adversary proceeding for good reason: the Property was already property of the estate. The sole practical import of the avoidance of the transfer of the Property from the Debtors as joint tenants to themselves as tenants by the entireties was that it formed the basis for denial of the Debtors' claimed entireties exemption in the Property. The Debtors retained ownership and possession of the Property both before and after the transfer, and there was nothing to "get back" for the estate through a § 550 recovery.

Similarly, the court finds that, under the circumstances of this case, the automatic preservation of the avoided transfer under § 551 did not equate to a recovery for purposes of § 522(g). This case is not analogous to the typical lien avoidance case where the trustee's actions augment the estate by avoiding a security interest and realizing the benefit of that interest for the estate. Here, the avoidance of the prepetition transfer did not result in new property coming into the estate. It simply, but importantly, restricted the Debtors' ability to claim an entireties exemption in Property that was unquestionably

22

property of the estate both before and after the transfer. Further, as explained above, preservation of avoided transfers under § 551 does nothing to enhance the estate's position. Its sole purpose is to preserve the transfer such that the benefit of the avoidance flows to the estate and not to a subsequent transferee or junior lienholder. There are no such competing interests in this case.

For these reasons, the court concludes that Trustee has not met her burden of establishing that she recovered the Property for purposes of § 522(g). Accordingly, the Trustee's objection to the Debtors' amended homestead exemption on this basis is overruled.

## V.   CONCLUSION.

Despite its complex procedural history, this is an exemption case. Under Michigan law, insolvent debtors may not create an entireties estate at the expense of their creditors. In re Rosich, 570 B.R. at 283. By transferring ownership of their jointly held Property to themselves as tenants by the entireties, the Debtors in this case did just that. The Trustee correctly objected to the Debtors' claimed entireties exemption on that basis. The Trustee also sought avoidance of the transfer by filing the adversary proceeding. The Trustee's actions benefitted the estate by rendering the claimed entireties exemption ineffective against the approximately $37,000 of non-joint claimants in the Debtors' bankruptcy case.[14] However, under the circumstances of this case, the court concludes that the

---

[14]    In this sense, the result of avoidance of the transfer in the adversary proceeding is akin to what could have been accomplished if the Trustee had simply objected to the Debtors' entireties exemption. Under that scenario, even if the Trustee had prevailed on her objection, there would have been no question that the Debtors were entitled to amend their exemptions to claim the Michigan homestead exemptions. Here, although the Trustee took a different path – avoidance of the transfer in the adversary proceeding – it is appropriate that the court's construction of § 522(g) leads to the same result.

23

avoidance of the transfer did not constitute a recovery under § 522(g) and the Debtors' amended homestead exemptions are not prohibited on that basis.   The Trustee's objection to the Debtors' amended exemptions is overruled, and the Debtors' claimed homestead exemptions in the Property are allowed in the total amount of $56,650.

A separate order will enter accordingly.

**IT IS SO ORDERED.**

**Dated October 20, 2017**



James W. Boyd
United States Bankruptcy Judge